1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAIME R. ROBINSON,              )   NO. EDCV 07-00183 SS
                                    )
12              Plaintiff,          )
                                    )   **MEMORANDUM DECISION AND ORDER**
13        v.                        )
                                    )
14  MICHAEL J. ASTRUE,              )
    Commissioner of the Social      )
15  Security Administration,        )
                                    )
16              Defendant.          )
                                    )
17  ────────────────────────────────

18                       **INTRODUCTION**

19

20      Jaime R. Robinson ("Plaintiff") brings this action seeking to

21  overturn the decision of the Commissioner of the Social Security

22  Administration (hereinafter the "Commissioner" or the "Agency") denying

23  his applications for Disability Insurance Benefits ("DIB") and Social

24  Security Income ("SSI").  Alternatively, he asks for a remand.  The

25  parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction

26  of the undersigned United States Magistrate Judge.  For the reasons

27  stated below, the decision of the Commissioner is REVERSED and REMANDED

28  for further proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

(2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1]   Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

Subpart P, Appendix 1?   If so, the claimant is found disabled.   If not, proceed to step four.

(4)   Is the claimant capable of performing his past work?   If so, the claimant is found not disabled.   If not, proceed to step five.

(5)   Is the claimant able to do any other work?   If not, the claimant is found disabled.   If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.   Bustamante, 262 F.3d at 953-54.   If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience.   Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).   The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").   Osenbrock v. Apfel, 240

---

[2]   Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence."   20 C.F.R. §§ 404.1545(a), 416.945(a).

3

F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

4

**DISCUSSION**

**A.    The ALJ Failed To Properly Assess Plaintiff's Mental Health Impairment At Step Two Of The Evaluation Process**

Plaintiff contends that the ALJ erred by finding that Plaintiff does not suffer from a severe mental impairment.  (Jt. Stip. at 6-7). For the reasons discussed below, the Court finds that the ALJ failed to properly assess Plaintiff's mental health impairment.

By its own terms, the evaluation at step two is a **de minimis** test — intended to weed out the most minor of impairments.  See Bowen v. Yuckert, 482 U.S. 137, 153-154, 107 S. Ct. 2287, 2297-2298, 96 L. Ed. 2d 119 (1987)(O'Connor, J. concurring).  An ALJ may find an impairment not severe "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005)(citations omitted); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001)("the step-two inquiry is a de minimis screening device to dispose of groundless claims")(quoting Smolen, 80 F.3d at 1290).

The ALJ here applied more than a de minimis test at step two when he determined that Plaintiff's mental impairment was not severe.  He improperly overlooked evidence in the record that would establish a severe mental impairment.  Furthermore, he failed to follow the Secretary's own regulations governing the evaluation of mental impairments, as described below.

5

Plaintiff alleges an onset date of June 30, 2002. (AR 44). The administrative record is filled with substantial evidence of a severe mental impairment going back to 2002. The medical documents show frequent and continuous treatment for a multitude of serious mental health issues from 2002 through 2006. This treatment included frequent examinations and therapy sessions as well as significant treatment with medications. (AR 262). The Riverside County Department of Mental Health Medication Log shows that Plaintiff was continuously treated with Zoloft, Lithium, Wellbutrin, Lexapro, Seroquel, Remeron and Restoril between February 2004 and February 2005.[3] (See AR 168-169). The record also shows that Plaintiff was treated with these medications beginning in early 2003 and continuing through 2004. (AR 168 to 255). In addition, the records show that Plaintiff was involuntarily hospitalized in January 2003 under Welfare and Institutions Code section 5150 because Plaintiff was deemed either a danger to himself or others. (AR 249-248). Moreover, medical personnel considered a second involuntary hospitalization in 2004. (See AR 201, 196 "5150 considered" (6/24/04)).

Plaintiff received a "high score" for depression on an MMPI test performed at Riverside County Mental Health Clinic. (AR 223). He is repeatedly described as depressed, sad, tearful and suicidal. He also,

---

[3]  Zoloft is for the treatment of depression and other mental/mood disorders. Lithium is for the treatment of bipolar disorder. Seroquel is for the treatment of various mental/mood disorders, such as bipolar disorder and schizophrenia. Wellbutrin is used to treat depression. Lexapro is an antidepressant used to treat depression and anxiety. Restoril is used to treat insomnia. Remeron is an antidepressant used to treat a variety of conditions, including depression and other mental/mood disorders. http://www.webmd.com/drugs (January 23, 2008).

at times, has poor self-control and unrestricted aggression. (AR 239-249). Although there are recorded periods of improvement, there are many episodes where Plaintiff reports that his medications are "not working." (AR 184, 187, 196, 201, 202, 205, 209). He attempted suicide by hanging when he was thirteen. (AR 232).

The ALJ's determination that Plaintiff suffered from a "non-severe mental impairment" - given the low standard required to meet step-two requirement and the abundance of evidence in the record that Plaintiff, indeed, suffers from a rather severe mental impairment - is clearly error. Not only did the ALJ ignore substantial evidence in the record, he failed to follow the Secretary's own regulations governing mental health impairments, as described below.

Where there is evidence of a mental impairment that allegedly prevents the plaintiff from working, the Agency has supplemented the five-step sequential evaluation process with additional regulations. Maier v. Comm'r of the Soc. Sec. Admin., 154 F.3d 913, 914-15 (9th Cir. 1998) (citing 20 C.F.R. § 416.920a) (per curiam); see also Behn v. Barnhart, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006)(remanding for ALJ's failure to comply with Commissioner's regulations concerning mental impairments). Under the regulations, the ALJ must first determine the presence or absence of certain medical findings relevant to the plaintiff's ability to work. 20 C.F.R. § 416.920a(b)(1). Next, when the plaintiff establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d)

7

episodes of decomposition. 20 C.F.R. § 416.920a(c)(2-4). After rating
the degree of loss, the ALJ must determine whether the claimant has a
severe mental impairment.   20 C.F.R. § 416.920a(d).   If a mental
impairment is found to be severe, the ALJ must then determine if it
meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.
20 C.F.R. § 416.920a(d)(2).   Finally, if a listing is not met, the ALJ
must then assess the plaintiff's RFC, and the ALJ's decision "must
incorporate the pertinent findings and conclusions" regarding he
plaintiff's mental impairment, including "a specific finding as to the
degree of limitation in each of the functional areas described in [§
416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

The regulations describe an impairment as follows:

> A physical or mental impairment must result from anatomical,
> physiological, or psychological abnormalities which can be
> shown by medically acceptable clinical and laboratory
> diagnostic techniques[]. A physical or mental impairment
> must be established by medical evidence consisting of signs,
> symptoms, and laboratory findings, not only by [a
> plaintiff's] statements of symptoms.

20 C.F.R. § 416.908; see also Ukolov v. Barnhart, 420 F.3d 1002, 1005
(9th Cir. 2005) (noting that the existence of a medically determinable
physical or mental impairment may only be established with objective
medical findings) (citing SSR 96-4p, 1996 WL 374187, at *1-2). The
medical records here clearly document a mental impairment under the
above-referenced definition. Remand is required.

1

2          **B.     <u>Remand is Required To Remedy Defects In The ALJ Decision</u>**

3

4          Remand for further proceedings is appropriate where additional

5   proceedings could remedy defects in the Commissioner's decision.   <u>See</u>

6   <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir.), <u>cert. denied</u>, 531 U.S.

7   1038, 121 S. Ct. 628, 148 L. Ed. 2d 537 (2000); <u>Kail v. Heckler</u>, 722

8   F.2d 1496, 1497 (9th Cir. 1984).  Because the ALJ improperly evaluated

9   Plaintiff's mental health impairment at step two, the case must be

10  remanded to remedy this and other defects.

11

12         Normally, the ALJ must first determine the presence or absence of

13  certain medical findings relevant to the plaintiff's ability to work.

14  20 C.F.R. § 416.920a(b)(1).  However, this Court has determined that

15  there is objective medical evidence that Plaintiff suffers from a mental

16  impairment relevant to his ability to work.   Thus, the ALJ need not

17  address this question.  Accordingly, the ALJ must complete the remaining

18  inquiries required in the supplemental evaluation of mental impairment

19  evidence.[4]   The ALJ is also instructed to properly consider treating

20

21         [4]  Specifically, the ALJ must rate the degree of functional loss
22  resulting from the impairment by considering four areas of function: (a)
    activities of daily living; (b) social functioning; (c) concentration,
23  persistence, or pace; and (d) episodes of decompensation.  20 C.F.R. §
    416.920a(c)(2-4).  Next, after rating the degree of loss, the ALJ must
24  determine whether the claimant has a severe mental impairment.   20
    C.F.R. § 416.920a(d).  If the mental impairment is found to be severe,
25  the ALJ must determine if it meets or equals a listing in 20 C.F.R. Part
    404, Subpart P, Appendix 1.  20 C.F.R. § 416.920a(d)(2).  Finally, if a
26  listing is not met, the ALJ must then assess the plaintiff's RFC, and
    the ALJ's decision "must incorporate the pertinent findings and
27  conclusions" regarding he plaintiff's mental impairment, including "a
    specific finding as to the degree of limitation in each of the
28  functional areas described in [§ 416.920a(c)(3)]."   20 C.F.R. §

                                      9

source evidence and to provide specific and legitimate reasons if he decides he must reject that evidence.   Furthermore, the ALJ must expressly consider lay witness testimony and give reasons germane to the witness if the ALJ decides to reject such evidence.   On remand, the parties shall not be precluded from addressing any issue not resolved by this Court.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[5] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 24, 2008.

/S/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

_____
416.920a(d)(3), (e)(2).

[5]  This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."